IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JASON EDWARD DIXON                                                                                    PLAINTIFF
ADC #97764

V.                                          NO. 3:06cv00216 SWW-JWC

PAULETTE ARNOLD, et al                                                                              DEFENDANTS

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**I.  Instructions**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR  72201-3325

## II.  Recommended Disposition

On July 12, 2007, Defendants filed a motion for summary judgment and brief in support (docket entries #25, #26) seeking to dismiss Plaintiff's 42 U.S.C. § 1983 complaint on the grounds that he has failed to establish a constitutional violation in connection with his conditions of confinement claim.  In addition, Defendants contend that Plaintiff has failed to allege that the Poinsett County Sheriff's Office has a custom or policy that resulted in a violation of his constitutional rights.  By order entered July 17, 2007 (docket entry #31), Plaintiff was notified of his opportunity to file a responsive pleading opposing Defendants' motion for summary judgment and was directed to file his responsive pleading on or before August 7, 2007.  Plaintiff was further directed, pursuant to Local Rule 56.1(c) of the Rules of the United States District Court for the Eastern District of Arkansas, to file a separate, short and concise statement of facts if he disagreed with Defendants' statement of facts. Plaintiff was advised that all material facts set forth in Defendants' statement of material facts would be deemed admitted unless controverted by a statement filed by him.  Plaintiff did not respond to the motion despite a clear opportunity to do so.

Although a litigant's verified complaint is generally considered an affidavit for purposes of summary judgment, Burgess v. Moore, 39 F.3d 216, 218 (8th Cir. 1994), the Court should nevertheless adopt Defendants' recitation of the facts under the circumstances.  See Jackson v. Arkansas Dep't of Educ., Vocational & Technical Educ. Div., 272 F.3d 1020, 1027 (8th Cir. 2001) ("pursuant to Local Rule 56.1(c), [plaintiff] forfeited her ability to contest the facts presented in the Department's original summary judgment motion by her failure to respond to the Department's motion"); see also In re: Bridge Info. Sys., Inc., 297 B.R. 759, 762 n.2 (Bankr. E.D. Mo. 2003) (citing Jackson, 272 F.3d at 1027-28) (same); Washington v. Robinson, 68 F.3d 479 (8th Cir. Oct. 18, 1995) (unpub. per curiam) (§ 1983 lawsuit involving excessive force used in connection with arrest dismissed on summary judgment motion; no abuse of discretion where district court deemed facts admitted and granted summary judgment based upon plaintiff's failure to respond to the motion within the time required by the Arkansas local rules).  For the reasons that follow, Defendants' motion should be granted.

**A.     Factual Background**

In his complaint (docket entry #2), Plaintiff alleged that he had been incarcerated at the Poinsett County Detention Center for five months with no lights in his cell, his window was boarded over, and he was living in constant darkness.  He further alleged that he was exposed to live wires hanging from his lighting fixture because the facing had been completely destroyed, the emergency lights did not work, and wire was hanging from the fire alarms.  He additionally claimed that he had been taken outside to recreational yard call only four times in a one-month period.  As relief, Plaintiff requested that the Court order the jail administration to fix the lights, windows, fire alarms, and padlocks to the cells.

According to Defendants' statement of facts (docket entry #27), Plaintiff was booked into the Poinsett County Detention Facility on June 8, 2006, and was released to the Arkansas Department of Correction on February 28, 2007. While at the jail, Plaintiff filed three request forms, only one dealing with the conditions of his jail cell and it concerned the temperature in his cell. This request was promptly addressed. It is the policy of the Poinsett County Detention Facility to have daily cell checks that include checks for conditions of the cell, contraband, etc. If a problem is discovered during a daily cell check, it is the policy of the Poinsett County Detention Center to promptly take corrective action. Often times when light fixtures are broken in the jail, additional parts must be ordered which can take some time to be delivered. While all lights in the jail cells have a metal covering over them intended to prevent tampering and destruction, all lighting problems that have occurred in the Poinsett County Detention Center have been caused by inmate tampering, not neglect.

**B.    Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Court must view the evidence in the light most favorable to the nonmoving party, giving him the benefit of all reasonable factual inferences. Reed v. ULS Corp., 178 F.3d 988, 990 (8th Cir. 1999). A moving party is nevertheless entitled to summary judgment if the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he will have the burden of proof at trial.

Celotex, 477 U.S. at 322-23. To avoid summary judgment, the nonmovant must go beyond the pleadings and come forward with specific facts, "by [his] own affidavit" or otherwise, showing that a genuine, material issue for trial exists. Id. at 324; Fed. R. Civ. P. 56(e). A nonmovant has an obligation to present affirmative evidence to support his claims. Settle v. Ross, 992 F.2d 162, 163-64 (8th Cir. 1993).

### III.  Analysis

"[I]t is clear that the state may not punish a pretrial detainee." Andrews v. Neer, 253 F.3d 1052, 1061 (8th Cir. 2001) (citing Bell  v. Wolfish, 441 U.S. 520, 535 (1979) and Williams-El v. Johnson, 872 F.2d 224, 229 (8th Cir. 1989)); see also U.S. v. Johnson, 225 F. Supp.2d 982, 1007 (N.D. Ia. 2002) ("The standard applicable to conditions of confinement claims by pretrial detainees was enunciated in Bell"). Since Plaintiff was a pretrial detainee when the alleged "punishment" occurred, his claim falls under the Fourteenth Amendment's Due Process Clause; therefore, to prevail he must prove Defendants acted with an intent to punish him. Bell, 441 U.S. at 535; Smith v. Copeland, 87 F.3d 265, 268 (8th Cir. 1996) (exposure to raw sewage from an overflowed toilet for four days did not implicate constitutional concerns where plaintiff failed to allege that he was exposed to disease or suffered any adverse consequences as a result of the exposure, and where plaintiff did not dispute that he was given the opportunity to flush the toilet and clean up the mess but declined).

Even in the absence of express punitive intent, "if a restriction or condition is not reasonably related to a legitimate goal--if it is arbitrary or purposeless--a court permissibly may infer that the purpose of the governmental action is punishment . . . ." Bell, 441 U.S. at 539. The length of time a prisoner is subjected to harsh conditions is a critical factor in

a court's analysis. Smith, 87 F.3d at 269. On the other hand, where "a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment'." Bell, 441 U.S. at 539 & n.21; Johnson, 225 F. Supp.2d at 1007. In addition, "there is a *de minimis* level of imposition with which the Constitution is not concerned." Id.

Although Bell controls Plaintiff's case, note that the Eighth Amendment "prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities." Smith, 87 F.3d at 268 (citing Howard v. Adkison, 887 F.2d 134, 137 (8th Cir. 1989)) ("inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time"). Only the "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986) (citing Ingraham v. Wright, 430 U.S. 651, 670 (1977) (quoting Estelle v. Gamble, 429 U.S. 97, 103 (1976)). Eighth Amendment violations require both objectively harsh conditions of confinement and a subjectively culpable state of mind on the part of prison officials in creating or condoning those conditions. Choate v. Lockhart, 7 F.3d 1370, 1373 (8th Cir. 1993) (citing Wilson v. Seiter, 501 U.S. 294 (1991)). Thus, a prisoner alleging unconstitutional conditions of confinement must prove, first, that the conditions challenged were objectively, sufficiently serious, in this case, that the conditions imposed amounted to "the denial of 'the minimal civilized measure of life's necessities.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Rhodes v. Chapman, 425 U.S. 337, 347 (1981)); Smith v. Copeland, 87 F.3d 265, 268 (8th Cir. 1996) (citing Howard v. Adkison, 887 F.2d 134, 137 (8th Cir. 1989)). The prisoner must also prove that the prison official whose actions are challenged had a

sufficiently culpable state of mind, in this case, that Defendants "acted or failed to act despite [their] knowledge of a substantial risk of serious harm." Farmer, 511 U.S. at 842. In meeting this subjective requirement, an inmate must show that prison officials acted with deliberate indifference, which cannot be established through acts of negligence or inadvertence. Wilson, 501 U.S. at 303, 305-06. "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interest or safety . . . ." Id. at 298-99 (quoting Whitley, 475 U.S. at 319). Last, the prisoner must prove that the alleged deprivations, either individually or in combination, caused him an identifiable physical or emotional harm or prevented the meeting of his basic human necessities. Hudson v. McMillian, 503 U.S. 1, 8-9 & 16-17 (1992) (Blackmun, J., concurring) (*de minimis* infliction of psychological pain is not actionable under the Eighth Amendment); Seltzer-Bey v. Delo, 66 F.3d 961, 964 (8th Cir. 1995) (no constitutional violation where inmate fails to demonstrate that he suffered an injury or adverse health consequences as result of his confinement); Rodgers v. Thomas, 879 F.2d 380, 384-85 (8th Cir. 1989).

Although the Eighth Amendment's prohibition of cruel and unusual punishment bars more than physical torture, "discomfort compelled by conditions of confinement, without more, does not violate the amendment." Smith v. Coughlin, 748 F.2d 783, 787 (2d Cir. 1984) (quoting Jackson v. Meachum, 699 F.2d 578, 581 (1st Cir. 1983)). Minimal deprivations simply do not violate the Constitution, Green v. Baron, 879 F.2d 305, 309 (8th Cir. 1989) (citing Bell v. Wolfish, 441 U.S. 520, 539 n.21 (1979)); and not every deprivation is sufficiently serious to rise to the level of a constitutional violation, Cosby v. Purkett, 782 F. Supp. 1324, 1329 (E.D. Mo. 1992). This is particularly true where the alleged

deprivation was brief. Whitnack v. Douglas County, 16 F.3d 954, 958 (8th Cir. 1994). "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.'" Id. at 957 (citing Wilson, 501 U.S. at 304). "Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." Id. (citing Wilson, 501 U.S. at 305). Moreover, "[t]he Constitution does not mandate comfortable prisons," it simply prohibits "inhumane ones." Farmer, 511 U.S. at 832 (citing Rhodes, 425 U.S. at 349).

Plaintiff must first establish that the challenged conditions were objectively, sufficiently serious. Prisoners do have a constitutional right to be provided the basic necessities of life, especially over an extended period of time. Finney v. Arkansas Bd. of Corr., 505 F.2d 194, 208 (8th Cir. 1974) ("light, heat, ventilation, sanitation, clothing and a proper diet"). Plaintiff's allegation that he was forced to live in complete darkness for five months, coupled with his allegation that he was taken outside to recreational yard call only four times in a one-month period, are conditions that fail to meet his basic human needs and are objectively and sufficiently serious. However, Plaintiff must also prove that the prison official whose actions are challenged had a sufficiently culpable state of mind. This he has not done. Although Plaintiff claims in his complaint that he "filed grievance form after grievance form to have his lights fixed,"[1] both Defendants' statement of facts and the evidence attached to their motion (neither of which Plaintiff responded to or controverted)

---

[1] See docket entry #2.

indicate that Plaintiff filed request forms concerning the temperature in his cell, his contact visit forms, and the completion of financial papers only. Thus, he fails to establish an intent to punish much less Defendants' knowledge of his objectionable conditions. For these reasons, his claim must fail.

The Court additionally notes, although the issue has not been raised by Defendants, that the only form of relief Plaintiff has requested is now moot. Plaintiff sought a Court order that required the jail administration to fix the lights, windows, fire alarms, and padlocks to the cells. Plaintiff is no longer subject to the challenged conditions making the relief requested inappropriate. An issue becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982) (citing United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). The general rule is that "a prisoner's claim for injunctive relief to improve prison conditions is moot if he or she is no longer subject to those conditions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citing Wycoff v. Brewer, 572 F.2d 1260, 1262 (8th Cir. 1978)); see also Smith v. Hundley, 190 F.3d 852, 855 (8th Cir. 1999) (transfer); and Hickman v. Missouri, 144 F.3d 1141, 1142 (8th Cir.1998) (released on parole). According to Defendants' statement of facts, Plaintiff was transferred to the Arkansas Department of Correction on February 28, 2007; thus, he is no longer subject to the challenged conditions.

### IV. Conclusion

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1.      Defendants' motion for summary judgment (docket entry #25) should be GRANTED.

2. Plaintiff's case should be DISMISSED IN ITS ENTIRETY WITH PREJUDICE.

3. Any pending motions should be DENIED AS MOOT.

4. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any order adopting this recommendation, and any judgment entered thereunder, would not be taken in good faith.

5. The evidentiary hearing set for September 12, 2007, should be cancelled.

DATED this 17th day of August, 2007.

_____
UNITED STATES MAGISTRATE JUDGE